UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MARK PICART,<br><br>                              Plaintiff,<br><br>v.<br><br>ALEJANDRO R. GONZALEZ; SHADE WILLIAMS; RASHAD RAINEY,<br><br><br>                              Defendants. | Case No.:  3:25-cv-01846-AJB-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 25]** |

Before the Court is Plaintiff Stephen Mark Picart's Motion for Appointment of Counsel ("Motion"). ECF No. 25. Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **DENIES** the Motion.

## I.      BACKGROUND

Plaintiff, an inmate currently housed at Richard J. Donovan Correctional Facility, filed this action on July 16, 2025. ECF No. 1. The Court granted Plaintiff leave to proceed *in forma pauperis* and dismissed Defendant Pollard at the screening stage, while directing service on the remaining Defendants. ECF No. 4. The remaining Defendants—Gonzalez, Williams, and Rainey—answered the Complaint. ECF No. 12. The case has proceeded through an Early Neutral Evaluation Conference and a Scheduling Order has issued, setting

deadlines for discovery and pretrial proceedings. ECF Nos. 15-16. On April 6, 2026, Plaintiff filed the instant Motion. ECF No. 25. In support, Plaintiff asserts that he cannot afford counsel, is incarcerated, and that the case will require investigation, discovery, and the presentation of evidence at trial. *Id.* at 2-3.

## II.   LEGAL STANDARD

There is no constitutional right to appointment of counsel in a civil case, unless an indigent litigant's physical liberty is at stake. *Lassiter v. Dep't. of Soc. Servs.*, 452 U.S. 18, 25 (1981); *see, e.g.*, *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (collecting cases to show it is "well-established that there is generally no constitutional right to counsel in civil cases"). Additionally, there is no constitutional right to a court-appointed attorney in cases filed by inmates arising under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see, e.g.*, *Thornton v. Schwarzenegger*, No. 10cv1583-BTM-RBB, 2011 WL 90320, at *1 (S.D. Cal. Jan. 11, 2011).

Nevertheless, courts have discretion to request legal representation for "any person unable to afford counsel." *See* 28 U.S.C. § 1915(e)(1); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Courts have required that plaintiffs demonstrate they are indigent and that they have made a reasonably diligent effort to secure counsel before they are eligible for an appointed attorney. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (extending the "reasonably diligent effort" standard used in *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981) to requests made pursuant to 28 U.S.C. § 1915); *see, e.g.*, *Verble v. United States*, No. 07cv0472 BEN (BLM), 2008 WL 2156327, at *2 (S.D. Cal. May 22, 2008).

Even if a plaintiff satisfies the threshold requirements, appointment of counsel is warranted only upon a showing of exceptional circumstances. *Bailey*, 835 F. Supp. at 552 (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)). Finding exceptional circumstances entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed

3:25-cv-01846-AJB-AHG

together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn*, 789 F.2d at 1331); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

## III. DISCUSSION

### A. Threshold Requirements

The Court has determined that Plaintiff is indigent by granting his motion to proceed *in forma pauperis*. ECF No. 4. However, Plaintiff's instant Motion does not indicate that he has made any effort to obtain counsel on his own. Requiring litigants "make a reasonably diligent effort to secure counsel before asking the court to appoint counsel for them . . . is 'not [to] suggest that a plaintiff should be required to exhaust the legal directory before a court could appoint him an attorney. [H]owever, a person's diligence in attempting to obtain a lawyer to assist him may properly be considered by the district court in assessing the justness of the application for counsel.'" *Moore v. Raught*, No. 07-03836-VBF-JPR, 2014 WL 1795138, at *7 (C.D. Cal. Mar. 17, 2014) (quoting *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). Here, Plaintiff's indigence alone does not establish that attempts to obtain counsel would be futile. *See Vera v. Gipson*, No. 13cv870-AWI-MJS-PC, 2014 WL 807051, at *5 (E.D. Cal. Feb. 28, 2014).

Although Plaintiff has not satisfied a threshold requirement, the Court nevertheless proceeds to evaluate whether exceptional circumstances justify appointment of counsel by examining the likelihood of success on the merits and Plaintiff's ability to proceed without counsel. *See, e.g.*, *Moore*, 2014 WL 1795138, at *4–*8 (examining plaintiff's likelihood of success on the merits and ability to articulate his claims *pro se*, even though he did "not provide[] evidence documenting any efforts he made to secure counsel before filing the instant motion"); *Verble*, 2008 WL 2156327, at *2 (examining whether plaintiff demonstrated exceptional circumstances, while acknowledging that "[Plaintiff]'s request for appointment of counsel should be denied because he has failed to show that he made a reasonably diligent effort to secure counsel.").

//

//

3:25-cv-01846-AJB-AHG

**B.    Likelihood of Success on the Merits**

"A plaintiff that provides no evidence of his likelihood for success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14cv2911-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016).

At this stage, Plaintiff has provided no evidence demonstrating a likelihood of success, and the Court has little before it regarding the merits beyond the allegations in the operative complaint.[1] *See Bailey*, 835 F. Supp. at 552 (denying appointment of counsel where plaintiff offered no evidence beyond his own assertions, making it difficult to determine whether he would succeed on the merits); *see also Arellano v. Hodge*, No. 14cv590-JLS-JLB, 2017 WL 1711086, at *4 (S.D. Cal. May 3, 2017) (denying appointment of counsel where discovery had recently begun and it was too early to assess the merits). Accordingly, this factor weighs against appointment of counsel.

**C.    Ability to Articulate Claims *Pro Se***

Plaintiff asserts that his incarceration and the need for investigation, discovery, and trial presentation warrant appointment of counsel. However, these circumstances are common to incarcerated litigants and do not constitute exceptional circumstances. *See Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained of lack of legal education); *Fletcher v. Quin*, No. 15cv2156-GPC-NLS, 2018 WL 840174, at *3 (S.D. Cal. Feb. 13, 2018) (same); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) (denying appointment of counsel where plaintiff cited limited access to legal resources).

Similarly, Plaintiff's concerns regarding investigation, discovery, conflicting testimony, and trial presentation do not render the case unusually complex. *See Wilborn*,

---

[1] That Plaintiff's Complaint survived the Court's screening process (ECF No. 4) does not demonstrate he is likely to succeed on the merits. *McGinnis v. Ramos*, No. 15cv2812-JLS-JLB, 2017 U.S. Dist. LEXIS 58507, at *6–*7 (S.D. Cal. Apr. 17, 2017) (explaining that screening under § 1915 "determin[es] whether a plaintiff stated a plausible claim . . . not whether a plaintiff will ultimately prevail on h[is] alleged claim").

3:25-cv-01846-AJB-AHG

789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for the development of further facts, practically all cases would involve complex legal issues."); *Miller v. LaMontagne*, No. 10cv702-WQH-BGS, 2012 WL 1666735, at *2 (S.D. Cal. May 11, 2012) (concluding that plaintiff's arguments "that this case will involve research and investigation are not based on the complexity of the legal issues involved, but rather on the general difficulty of litigating *pro se*"); *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (holding that while a *pro se* inmate might fare better with counsel during discovery, this is not the test for determining whether to appoint counsel).

Although Plaintiff contends he is ill-suited to handle conflicting testimony and trial presentation, these concerns do not establish exceptional circumstances. *See, e.g.*, *Eusse v. Vitela*, No. 3:13-cv-00916-BEN-NLS, 2015 WL 4404865, at *2 (S.D. Cal. July 16, 2015) (finding similar difficulties "do not present 'exceptional circumstances,' but rather illuminate the difficulties any prisoner would have litigating *pro se*"); *Miller*, 2012 WL 1666735, at *2; *see also Fletcher*, 2018 WL 840174, at *2 (denying appointment of counsel where plaintiff argued counsel was needed to present evidence and cross-examine witnesses at trial); *Goolsby v. Ridge*, No. 09cv2654-WQH-RBB, 2010 WL 3418428, at *1 (S.D. Cal. Aug. 26, 2010) (same). This case has progressed past the pleading stage but remains in discovery and has not yet been tested by a summary judgment motion.

Plaintiff's incarceration does not, without more, constitute an exceptional circumstance. Courts have recognized that incarcerated, *pro se* litigants would potentially be "better served with the assistance of counsel." *Eusse*, 2015 WL 4404865, at *2 (internal quotations omitted). However, whether a litigant would have fared better with counsel is not the test. *Thornton*, 2010 WL 3910446, at *5. The concerns Plaintiff raises "do not present 'exceptional circumstances,' but rather illustrate the difficulties any prisoner would have litigating *pro se*." *Eusse*, 2015 WL 4404865, at *2.

Additionally, the Court finds that Plaintiff has demonstrated an ability to articulate his claims. Plaintiff has actively litigated this case, including filing a motion and other

submissions. *See Miller*, 2012 WL 1666735, at *2 ("Plaintiff has thus far been able to articulate his claims against the relative complexity of the case…"); *cf. Dunsmore v. Paramo*, No. 13cv1193-GPC-PCL, 2013 WL 5738774 (S.D. Cal. Oct. 22, 2013) (denying appointment of counsel where plaintiff had a "good grasp of the basis of his claims"). The Court does not doubt that Plaintiff, like most *pro se* litigants, finds it difficult to litigate his claims and would benefit from counsel. However, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers"). Courts must construe *pro se* pleadings liberally and afford plaintiffs the benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, because Plaintiff has demonstrated an ability to articulate his claims, this factor does not support appointment of counsel.

## IV.   CONCLUSION

Although Plaintiff is indigent, he has not demonstrated that he made reasonable efforts to obtain counsel or that exceptional circumstances warrant appointment at this time. Accordingly, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 25) **without prejudice**.[2]

**IT IS SO ORDERED.**

Dated:  April 27, 2026

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[2] As noted above, Plaintiff asserts in his Motion that counsel would be necessary to assist him at trial. That argument is premature. This case remains in the discovery phase, and trial is not on the immediate horizon. Because the Motion is denied without prejudice, Plaintiff may seek appointment of counsel at a later stage of the proceedings, if warranted.